SEARLS, APPELLANT, *v.* DOE ET AL., APPELLEES.

(No. 85AP-844—Decided January 28, 1986.)

*Bernard Bernard* and *Gary J. Pandora,* for appellant.

*Lane, Alton & Horst* and *Joseph A. Gerling,* for appellee Industrial Dynamics Company.

*Earl, Warburton & Addms, Ted L. Earl* and *Thomas L. Davis,* for appellee Taylor Manufacturing Company.

*McNamara & McNamara* and *John L. Miller,* for appellee H. K. Ferguson Company.

STRAUSBAUGH, J. Plaintiff appeals from a judgment of the Court of Common Pleas of Franklin County sustaining defendants' motions for summary judgment.

Plaintiff, Thomas L. Searls, was an employee at the Anheuser-Busch brewery. His job was to monitor several reject accumulator tables along two can

lines and, when necessary, remove rejected cans from the line. A can line is a conveyor system used to transport beer cans through a pasteurizer and ultimately to a packer.

The cans were electronically inspected by a device called a Filtec. If the cans were improperly filled, the Filtec activated a device that ejected the cans from the conveyor where they fell onto a slanted table called a reject accumulator table. On the date of his accident, plaintiff was near one of the cans when he observed the cans were being rejected automatically at a high rate of speed. Plaintiff was attempting to remove the cans from the table and place them in a box when he inadvertently stepped on a can which had fallen onto the platform. This caused plaintiff to twist his back and suffer serious injuries to his lumbar discs.

Plaintiff alleges that all defendants participated in the defective design of the can line, the result of which proximately caused his injuries. The complaint alleges theories of liability including negligence, strict liability, and breach of implied warranty. Defendants filed motions for summary judgment, which were sustained by the trial court.

Plaintiff asserts the following four assignments of error:

"I. Whether the trial court erred in granting summary judgment to Taylor Manufacturing Company where Taylor Manufacturing Company manufactured and designed a defective can line causing injury to appellant.

"II. Whether Taylor defectively designed and manufactured can line 50 by failing to install a safety cut-off switch is a genuine issue of material fact and therefore should not be decided by summary judgment.

"III. Whether the trial court erred in granting summary judgment to Industrial Dynamics where Industrial Dynamics designed and manufactured a defective product, the Filtec, by failing to install a safety cut-off switch.

"IV. Whether Industrial Dynamics defectively designed and manufactured the Filtec is a genuine issue of material fact and therefore the Trial Court erred in granting summary judgment."

The threshold issue, as a matter of law, is whether defendants are liable for the injuries to plaintiff. Only after determining that defendants had a duty to warn plaintiff of a defective or dangerous condition is it necessary to determine whether a genuine issue of material fact existed.

Plaintiff, in the first and third assignments of error, maintains that both defendants designed defective products and are therefore liable for any damages proximately caused by these products. In the second and fourth assignments of error, plaintiff contends that there was a genuine issue of material fact whether defendants defectively designed and manufactured their respective products.

Defendants counter, as a matter of law, that a manufacturer of a component part is not under any duty to warn of potential dangers where a manufacturer assembles those components into part of a larger system. Only a manufacturer which assembles the system has a duty to warn of dangerous or defective products.

Plaintiff urges that there was a genuine issue of material fact as to whether defendants were involved in the manufacturing of the entire system and therefore had a duty to warn plaintiff of potentially dangerous or defective conditions. These assignments of error are not well-taken, and the judgment of the trial court must be affirmed.

In *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 324, 4 O.O. 3d 466, 470, 364 N.E. 2d 267, 272, the Supreme Court noted that:

"* * * In our opinion, the obligation that generates the duty to warn does not extend to the speculative anticipation of how manufactured components, not in and of themselves dangerous or defec-

tive, can become potentially dangerous dependent upon the nature of their integration into a unit designed and assembled by another. * * *"

Further, in *Lesnefsky* v. *Fischer & Porter Co.* (E.D. Pa. 1981), 527 F. Supp. 951, the court was confronted with the issue of a manufacturer who produced a component sub-assembly in accordance with the specifications of a buyer who had superior knowledge and experience in the field. The court held:

"* * * The law does not impose a duty on the manufacturer of parts produced in compliance with specifications provided by an experienced purchaser-user to undertake an independent safety investigation concerning their intended use. * * *" *Id.* at 956.

Based on these authorities, it is clear that neither defendant had a duty to warn of potentially dangerous or defective conditions. Each defendant manufactured a component of a larger system. That system was assembled in final form by Anheuser-Busch. Accordingly, neither defendant had a duty to warn the plaintiff of potentially dangerous or defective conditions. Defendants were not required to procure plans of the entire system, review those plans, and independently determine whether their respective component parts would function in a safe fashion.

In an attempt to avoid this conclusion, plaintiff urges that each of the defendants was intimately involved in the design of the particular component part and that Anheuser-Busch expected both defendants to guarantee the safety of their respective products. Plaintiff points to the affidavit of his expert witness, in which the expert concluded that defendants should have known of the possibility that the system would operate in such a way as to drop cans onto the floor, where an employee could slip and fall.

First, a review of the respective purchase orders indicates that Anheuser-Busch intended only that defendants supply component parts in accordance with rigid and exhaustive specifications:

"The following equipment shall be furnished to satisfy the operational requirements of Anheuser-Busch, Inc. * * *

"* * *

"Anheuser-Busch, Inc., * * * is applicable [*sic*] for general design of components. Equipment layout, specific design of critical operational areas and other operational requirements such as speed, top rails, references to containers, etc., are as described by Anheuser-Busch, Inc. * * *

"* * *

"The Seller shall guarantee in writing that the equipment furnished shall meet all requirements of this design premise. * * *"

It is clear that Anheuser-Busch intended to maintain overall control of the manufacturing of the system and defendants were required to manufacture the component parts according to the specifications of Anheuser-Busch.

Plaintiff points to a guarantee that the parts will have a sufficient factor of safety and to a portion of the purchase order which allows testing of the component parts. However, it is clear that these specifications only apply to the products as individual components of the system. The defendants' sole obligation was to produce component parts which were safe and satisfactory according to the specifications provided by Anheuser-Busch.

Second, while the affidavit of plaintiff's expert does indicate that both defendants should have been aware of the potential situation where cans would overflow and fall onto the floor, thus becoming a hazard, this affidavit cannot alone raise a genuine issue of material fact in light of the overwhelming evidence that Anheuser-Busch was solely responsible for the design and manufacture of the entire system. Also,

the deposition of the expert did not include this determination.

Accordingly, defendants, as manufacturers of component parts, had no duty to warn plaintiff of a potentially dangerous or defective design of a system, where defendants were not responsible for the design and manufacture of the entire system and where the component parts, not in and of themselves dangerous or defective, were manufactured in accordance with specifications.

Accordingly, plaintiff's assignments of error are overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

REILLY, P. J., and MITROVICH, J., concur.

MITROVICH, J., of the Court of Common Pleas of Lake County, sitting by assignment in the Tenth Appellate District.