KREMER ET AL., APPELLANTS, *v.* DURIRON COMPANY, INC., APPELLEE, ET AL.

(No. C-860433—Decided July 1, 1987.)

*William C. Knapp,* for appellants.
*William B. O'Neal* and *Robert S. Hiller,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiffs-appellants, Irwin and Nancy Kremer, appeal from a judgment of the court of common pleas granting defendant-appellee Duriron Company's motion for summary judgment. We affirm.

Plaintiff-appellant Irwin Kremer was employed by the Hilton-Davis Chemical Company ("Hilton-Davis"). On the evening of April 15, 1980, while performing the duties of his employment, Kremer began a process which required him to fill a holding tank with nitric acid. The holding tank was designed to allow the acid to be transferred into a reaction kettle where it became part of a chemical manufacturing process. The holding tank was also equipped with a drain line which permitted the contents of the holding tank to be emptied without directing the contents into the reaction kettle. To facilitate this procedure, Hilton-Davis had attached, at the end of the drain line, a G-4, plug-type valve that had been manufactured by the defendant-appellee, Duriron Company, Inc. ("Duriron"). Hilton-Davis also attached an elbow to the G-4 plug valve so that liquid being drained from the holding tank could empty into a drum. Kremer was not aware that earlier in the day the holding tank had been drained and repaired, and that the valve in the drain line had been left open. As he began the reaction process, allowing the acid to flow from the holding tank, instead of flowing into the reaction kettle, the acid flowed into the drain line and out of the open valve and then into the air. Kremer was sprayed by the acid and severely burned.

Kremer sued Duriron and the two companies that designed and installed a safety shower that failed to operate after Kremer was burned. The trial court granted Duriron's motion for summary judgment on September 6, 1984; however, the trial court did not find that there was no just reason for delay and therefore Kremer did not appeal the judgment in favor of Duriron until the pending suits of the other parties were resolved. On June 11, 1986, all other matters were dismissed with prejudice pursuant to a settlement agreement between Kremer and the remaining defendants.

This case presents us with the question of whether the trial court properly granted summary judgment to Duriron pursuant to Civ. R. 56.

A motion for summary judgment may be granted if, upon reviewing the inferences to be drawn from the underlying facts set forth in the pleading, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, the court determines:

(1) that no genuine issue of material fact remains to be litigated;

(2) that the moving party is entitled to judgment as a matter of law; and

(3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. (Civ. R. 56[C].)

Kremer alleges that Duriron manufactured a defective G-4 Durco valve which allowed acid to escape causing Kremer's injuries. Kremer's complaint alleges negligence in the design and manufacture of the valve.

The Kremers assert in their sole assignment of error that:

"The trial court erred to the prejudice of [the] plaintiffs-appellant[s] in ruling as a matter of law that since the Duriron valve had been incorporated by Hilton-Davis into the nitric acid transfer system, Duriron could not be held responsible for injuries caused by the valve."

The issue raised is whether there

was a defect in the valve for which Duriron remained liable, notwithstanding the subsequent incorporation of the valve into the separate chemical system used by Hilton-Davis.

Kremer claims that Duriron should have incorporated a retardation system into its valve to prevent it from being left open as in the instant case. Duriron counters that this valve, G-4 Durco, was manufactured for the transmission of all types of liquids and was for sale in the open market. Further, Duriron was without particular knowledge of how the valve would be used or of what fluids would be transmitted through it. Kremer's reliance on *Knitz* v. *Minster Machine Co.* (1982), 69 Ohio St. 2d 460, 23 O.O. 3d 403, 432 N.E. 2d 814, and *Leichtamer* v. *American Motors Corp.* (1981), 67 Ohio St. 2d 456, 21 O.O. 3d 285, 424 N.E. 2d 568, and 2 Restatement of the Law 2d, Torts (1965) 347, Section 402A, is misplaced; they are not dispositive of the issue in this case. *Knitz, supra,* involved a metal press and *Leichtamer, supra,* involved a roll bar on an automobile. Neither of the cases deals with the liability of a manufacturer of component parts. Kremer claims that Section 402A of the Restatement supports his claim that Duriron was negligent in designing the valve without an automatic shutoff. In *Leichtamer* and *Knitz* the Supreme Court defined Section 402A to mean: A product may be found defective if the plaintiff demonstrates that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner. Duriron could not anticipate how this valve would be integrated into the consumer's equipment. In addition, the design of the valve was not unique. Duriron had manufactured hundreds of such valves and, in the instant case, sold one of the valves to Kremer's employer, Hilton-Davis, which used the valve as a component part in the construction of a piece of equipment used to mix caustic chemicals.

We now turn to the issue of the liability of the manufacturer of component parts. Section 402A has a specific caveat which provides: "The Institute expresses no opinion as to whether the rules stated in this Section may not apply * * * to the seller of a component part of a product to be assembled." Duriron relies on *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267. The Supreme Court noted in *Temple, supra,* at paragraph four of the syllabus, that the obligation that generates the duty to warn does not extend to the speculative anticipation of how components, that are not in and of themselves dangerous or defective, can become potentially dangerous as a result of their integration into a unit designed and assembled by another. The valve manufactured by Duriron was not in and of itself dangerous or defective, but functioned in the manner that the valve was designed to function. Duriron cannot be held liable for the manner in which Hilton-Davis incorporated the valve into the Hilton-Davis nitration system. Accordingly, plaintiffs-appellants' assignment of error is overruled and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., DOAN and UTZ, JJ., concur.