**Briney v. Timken Co.**
*[Cite as 6 AOA 120]*

*Case No. CA-8043*
*Stark County, (5th)*
*Decided August 27, 1990*

*Thomas Mester, Richard L. Demsey, Joel Levin, 1370 Ontario - First Floor, Cleveland, Ohio 44113-1792, for Plaintiffs-Appellants.*

*Samuel J. Gelfo, 4884 Dressler Road N.W., Canton, Ohio 44718, for Defendants-Appellees.*

*William S. Cline, Sara E. Lioi, 800 William R. Day Building, 121 Cleveland Avenue, South, Canton, Ohio 44702-1988.*

MILLIGAN, J.

Plaintiff Peter Briney was injured at work when his right pant leg became entangled in an unguarded coupling between a pump and a motor.

Briney sued his employer, Timken Company, for intentional tort, and Koppers Company, Inc., the supplier of the coupling, and National Pump and Process, the supplier of the pump, in negligence.

The cause against National Pump and Process has been dismissed. The Stark County Common Pleas Court, in consecutive judgments, granted summary judgment in favor of the Timken Company, October 19, 1989, and in favor of Koppers Company, Inc., November 6, 1989. From these adverse rulings, Briney appeals, assigning a single error reaching both summary judgments:

"WHERE APPELLEES TIMKEN COMPANY AND KOPPERS COMPANY, INC. WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW AND WHERE REASONABLE MINDS COULD DIFFER AS TO WHETHER TIMKEN'S FAILURE TO PROVIDE A GUARD AMOUNTED TO AN INTENTIONAL TORT. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT."

Appellant has failed to comply with Local App. R. 4. Nevertheless, in the interest of justice, we determine the cause on its merits.

When the pump was initially installed in 1984, it included a guard of sheet metal bolted to the pump base and covering the coupling in question. It was necessary from time to time to remove the guard so as to grease the coupling.

Three days before the accident in question, the pump assembly was taken out of service and disassembled by a supervisor of the employee and the appellant. When the pump was reinstalled, the guard was not put in place. Appellant was aware of this fact. Appellant was holding a flashlight while the pump and motor assembly. was being checked. The appellant's pant leg was caught by an exposed grease fitting protruding from the rotating coupling, pulling his leg against the spinning coupling, causing injuries.

Notwithstanding there were one or two other assemblies operating without a guard, there was no evidence of prior injury from the rotating pump coupling. Appellant testified that he felt safe placing his foot near the rotating coupling even though it did not have a guard.

*Intentional Tort - Timken Company*

Taken most favorably to the appellant, there is no evidence upon which reasonable minds could conclude that Timken knew that injury to appellant would be substantially certain to occur. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St. 3d 100, 522 N.E. 2d 489.

To establish intent for an intentional tort committed by an employer against his employee, the following must be demonstrated:

"(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation;

"(2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty and not just a high risk; and

"(3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." *Van Fossen, supra,* at syllabus 5.

Appellant argues that Timken knew the guard was missing in excess of one year, had safety procedures designed to locate and correct such problems, was aware of the danger of the unguarded coupling, and yet required employees to work near the unguarded pump assembly. These facts do not rise to the high standard of substantial certainty required under *Van Fossen.* There was no evidence of prior injuries from this pump coupling or other assemblies operating without guards. Appellant testified that he felt safe placing his foot near the unguarded rotating coupling, and perceived the risk of the coupling as one to persons walking through the area who might accidently fall into the assembly, rather than to himself.

Summary judgment is an appropriate remedy and, where the moving party supports his motion with evidence, the nonmoving-party (appellant) has a duty to offer proof concerning each essential element of the case. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S. Ct. 2548; *Mitseff v. Wheeler* (April 6, 1987), Stark App. No. CA-6997, unreported.

We overrule the assignment of error as to the Timken Company upon the authority of *Van Fossen, supra.*

*Product Liability - Koppers Company*

The coupling upon which appellant was injured did not contain a protruding grease fitting when it was manufactured and delivered by Koppers. The component part as delivered was fitted with lube plugs which mount flush with the coupling. Further, the Koppers instruction sheet, delivered with the coupling, recited, "coupling must be covered with a guard as per the Occupational Safety and Health Act."

Koppers was a component part manufacturer and supplier. As such the duty to warn is identified by the Supreme Court in *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 364 N.E. 2d 267, and further articulated in *Searls v. Dow* (1986), 29 Ohio App. 3d 309, 505 N.E. 2d 287; *Kremer v. Duracon Co., Inc.* (1987), 40 Ohio App. 3d 183, 532 N.E. 2d 165. Under these cases, the manufacturer of a component part of a larger system has no duty to warn users of the system of potential danger in the design of the system, where the manufacturer was not responsible for the design and assembly of the entire system,

and where the component part was made in accordance with specifications and was not itself dangerous or defective. *Id.*

Appellant attempts to distinguish this case from *Kremer.* He specifically argues that Hopper was aware of the use made of the coupling in steel mills. We find this case to be very similar to *Kremer. Kremer* involved a manufacturer of valves. The plaintiff was injured when acid escaped from the valve, which had been incorporated by plaintiff's employer into an acid transfer system. In upholding the summary judgment, the court stated:

"Duriron could not anticipate how this valve would be integrated into the consumer's equipment. . . Duriron had manufactured hundreds of valves and, in the instant case, sold one of the valves to Kremer's employer, Hilton-Davis, which used the valve as a component part..." *Kremer, supra,* at 167.

Similarly, Hopper manufactured couplings for many different uses. The fact that Hopper knew that the coupling could be used in steel mills does not establish the particular knowledge required to give rise to a duty to warn.

We overrule the assignment of error directed to Koppers Company upon the authority of *Temple v. Wean United, supra.*

For the above reasons, the summary judgments of the stark County Common Pleas Court are affirmed.

PUTMAN, P.J., and HOFFMAN, J., concur.